GARDNER *v.* GARDNER.

5-874                                                      289 S. W. 2d 182

Opinion delivered April 16, 1956.

*Cooper Jacoway,* for appellant.

*Owens, McHaney, Lofton & McHaney,* for appellee.

LEE SEAMSTER, Chief Justice. This is the second time that the parties to this cause have been before this court. On the first occasion, *Gardner* v. *Gardner,* 225 Ark. 828, 286 S. W. 2d 23, this court affirmed a decree awarding appellee, Dr. Melvyn J. Gardner, a divorce from the appellant, Bernice A. Gardner. This second appeal follows from the action of the trial court in making alimony and child support awards.

The appellant insists that the allowance of $125.00 per month as alimony to her and $225.00 per month

for the support of the four minor children of the parties is an insufficient amount to provide for their living expenses. The appellee has appealed from that portion of the decree allowing the appellant the sum of $125.00 per month as alimony.

The appellant contends that the total allowance to her for alimony and child support should be at least $500.00 per month and appellee contends that he is able to pay only a total of $300.00 per month.

The appellee is employed as a physician at the Veterans Administration Hospital at Fort Roots in North Little Rock, Arkansas. His net income, after deductions, is approximately $302.48 every two weeks and his yearly net income would be $7,864.48. Deducting the allowances made by the trial court, in the sum of $4,200.00, would leave a balance of $3,664.48 in expendable funds for the appellee. One of the items that is withheld from the gross income of the appellee, is the sum of $600.00 per annum for insurance and retirement pay. The appellant contends that the $600.00 is a savings account for appellee and should be considered as such in determining his ability to pay.

The appellee contends that he owns only his clothing, some medical books and a 1953 model automobile. At the time of the trial, he still owed on the automobile seven monthly payments of $94.00 each.

The parties were involved in litigation in Florida by reason of a separate maintenance suit brought by the appellant against the appellee. The Florida court rendered a judgment in favor of appellant, against appellee, for $175.00 per week. The appellee succeeded in procuring a reduction of this allowance in the trial court. The appellant appealed this order to the Florida Supreme Court and the Supreme Court of Florida set aside the reduction order and required appellee to continue the $175.00 weekly payments. The litigation was expensive for the appellee. A fee in the sum of $2,500.00 was allowed appellant's attorneys and a master's fee of $500.00 was also allowed, and judgment rendered against the appellee for the amount and other costs. The ap-

pellee still owes about $9,000.00 on the Florida judgment. He contends that he is unable to make these payments since said amounts are beyond his means.

There have been many cases of similar character before this court. Each is decided upon the peculiar facts as presented therein. Taking into consideration all the elements in the instant case, we cannot say that the order of the trial court is against the preponderance of the evidence.

The case is affirmed at the cost of appellee, and an additional attorney fee of $200.00 to appellant's attorney, will be assessed against the appellee.

Justice MILLWEE not participating.